UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>JESUS TOLEDO PARDO,<br><br>                Defendant. | CASE NO. 2:22-cr-00151-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Jesus Toledo Pardo's Motion to Reconsider Order Revoking Release. Dkt. No. 107. Mr. Toledo Pardo asks the Court to reconsider its prior order granting the Government's motion to revoke the release order. Dkt. No. 95.

On September 15, 2022, Mr. Toledo Pardo appeared before Magistrate Judge S. Kate Vaughan, who ordered him released and placed on bond with special conditions. Dkt. No. 29. The Government then filed an emergency appeal of the release order. Dkt. No. 32. After reviewing the parties' filings—including evidence not in the record before Judge Vaughan, *see* Dkt. No. 53, the audio recording of the detention hearing, the record before Judge Vaughan, and the balance of the record, the Court found that "no condition or combination of conditions will reasonably assure the

safety of other persons and the community." Dkt. No. 95 at 2. Accordingly, it granted the Government's motion and ordered that Mr. Toledo Pardo be detained pending trial. *Id.*

Local Criminal Rule 12 provides that "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." CrR 12(b)(13)(A). No response from the Government shall be filed unless requested by the Court, CrR 12(b)(13)(C), and one was not requested here.

Mr. Toledo Pardo requests that the Court reconsider its order, and reinstate the appearance bond previously authorized by Judge Vaughan, because his "significant other and his three young daughters have recently come into desperate circumstances and the Defendant should be released so that he can provide for them." Dkt. No. 107 at 1. Mr. Toledo Pardo has filed emails from his significant other, Maria Juarez, in which she writes that she had to abruptly leave the residence where the family was staying due to an "incident that turned physical" and threats toward her. Dkt. No. 107-1 at 2. Since then, the family has been staying in a hotel room paid for by a friend, but that temporary housing situation was scheduled to end on February 6, 2023. *Id.* at 2, 4. Mr. Toledo Pardo alleges that as a result, Ms. Juarez is "about to become homeless." Dkt. No. 107 at 4. Mr. Toledo Pardo states that if he "is released from custody, he can provide Ms. Juarez with financial support and could assist her in finding a place to live." Dkt. No. 107 at 4.

The Court is sympathetic to the family's situation. But as a Court in this district recently explained, the predicament of a Defendant's family under these circumstances has "nothing to do with [Defendant's] risk to the community or the possibility of flight." *United States v. Brown*, CR21-058-RSM, 2022 U.S. Dist. LEXIS 196825, at *3 (W.D. Wash. Oct. 28, 2022) (noting new facts that the defendant's "daughters have returned to living with their mother, and they are

homeless, living in a SUV which moves from location to location in this area," but denying motion for reconsideration of a detention order).

Moreover, the new facts in this case do not obviate the Court's previously expressed concerns—including but not limited to those related to Mr. Toledo Pardo's repeated non-compliance with Court orders—or its conclusion that no condition or combination of conditions will reasonably assure the safety of the community. Dkt. No. 95 at 7–12. While Mr. Toledo Pardo seeks release to assist Ms. Juarez, Dkt. No. 107 at 1, he has been convicted of Domestic Violence Assault in the Fourth Degree and violating a Domestic Violence No Contact/Protection Order, both involving her. Dkt. No. 32 at 9; Dkt. No. 56 at 3. The no contact order is still in place, Dkt. No. 107 at 3, which raises the specter that if Mr. Toledo Pardo were released, he would again violate that order. *See* Dkt. No. 95 at 11 (explaining that Defendant's "prior convictions for Domestic Violence Assault in the Fourth Degree and for violating the Domestic Violence No Contact/Protection Order, coupled with his refusal to comply with the no contact order in the week following his detention hearing, suggest a present danger to his girlfriend."). Accordingly, the new facts in Mr. Toledo Pardo's motion do not rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community. 18 U.S.C. § 3142(e).

For the foregoing reasons and the reasons set forth in the Court's prior order, Dkt. No. 95, Mr. Toledo Pardo's motion for reconsideration is DENIED. Dkt. No. 107.

Dated this 10th day of February, 2023.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3