UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>JESUS TOLEDO PARDO,<br><br>　　　　　　Defendant. | CASE NO. 2:22-cr-00151-LK<br><br>ORDER DENYING MOTION FOR TEMPORARY RELEASE FROM CUSTODY |

    This matter comes before the Court on Defendant Jesus Toledo Pardo's Motion for Temporary Release from Custody to attend his cousin's funeral on July 21, 2023. Dkt. No. 134. The Government opposes the motion. Dkt. No. 139 at 1. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

    Mr. Toledo Pardo's cousin died unexpectedly on July 9, 2023, and his funeral is scheduled for the afternoon of July 21, 2023, in Kent, Washington. Dkt. No. 134 at 2. Mr. Toledo Pardo, who is currently detained pending trial at the Federal Detention Center, asks to be released from custody on the 21st from the hours of 1:00 p.m. and 6:00 p.m. to attend the funeral. *Id.* Mr. Toledo Pardo's

ORDER DENYING MOTION FOR TEMPORARY RELEASE FROM CUSTODY - 1

sister agreed to provide transportation, act as his third-party custodian, and execute an agreement to supervise Mr. Toledo Pardo in a form prescribed by U.S. Probation and Pretrial Services. *Id.* Mr. Toledo Pardo notes that he "is a lifelong resident of the Seattle area, has extensive ties to this community and insignificant ties to any foreign country." *Id.* at 3. And he avers that his sister's willingness "to act as third-party custodian provides the Court with reasonable assurance that the Defendant will not abscond." *Id.* at 3.

The Government counters that Mr. Toledo Pardo "is a significant flight risk and a danger to the community," and should not be released even temporarily. Dkt. No. 139 at 1. The Government notes that Mr. Toledo Pardo is charged with very serious drug offenses, two of which carry mandatory 10-year mandatory minimum sentences. *Id.* at 2–3. He has three prior convictions, including two related to domestic violence. *Id.* at 6. And when he was arrested, he was with his girlfriend and in possession of a loaded firearm, all in violation of a no contact order. *Id.* at 3. The Government also argues that Mr. Toledo Pardo is a flight risk, as evidenced by his repeated failure to appear for prior court hearings and disregard for court orders. *Id.* at 6–7. At the Court's request, U.S. Probation and Pretrial Services recommended conditions if the Court were to grant Mr. Toledo Pardo's temporary release.

## II.  DISCUSSION

A court may "permit the temporary release" of a person in custody if it determines that the release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant "bears the burden of establishing circumstances warranting temporary release." *United States v. Schley*, Nos. CR19-0247-JCC, CR22-0166-JCC, 2023 WL 2890384, at *1 (W.D. Wash. Apr. 11, 2023) (denying motion for temporary release to attend a funeral); *United States v. Rowelette*, No. CR17-0070-JCC-1, 2022 WL 2531815, at *1 (W.D. Wash. July 7, 2022) (same). As with any motion to revisit detention, "[t]he original grounds for

detention remain a factor in the court's analysis." *Schley*, 2023 WL 2890384, at *1; *accord United States v. Rhule*, No. 20-cr-105-JCC, 2021 WL 63250, at *4 (W.D. Wash. Jan. 7, 2021). In addition, the relief authorized by Section 3142(i) is to be used "sparingly." *United States v. McKnight*, No. CR18-16-TSZ, 2020 WL 1872412, at *2 (W.D. Wash. Apr. 15, 2020) (citation and quotation marks omitted).

Mr. Toledo Pardo argues that compelling reasons exist for his temporary release based on his desire to attend his cousin's funeral to honor him and grieve with his family. Dkt. No. 140 at 3. The Court recognizes the challenging circumstances presented by the sudden death of Mr. Toledo Pardo's cousin and his understandable desire to be with his family at the funeral. However, the Court must consider the factors that warranted his detention. Dkt. Nos. 95, 108. None of those circumstances have changed. He is still charged with very serious drug offenses that carry long terms of incarceration; he has been convicted before, including twice for domestic violence related offenses; he has repeatedly disregarded prior Court orders, including the no contact order and an order from this Court to comply with it; he has failed to appear for hearings; and he has violated his conditions of supervision. Dkt. No. 95 at 7–12. As the Court previously found, those factors show that he is a danger to the community and there is no condition or combination of conditions that will reasonably assure the safety of the community. *Id.* at 11–12. And Mr. Toledo Pardo's prior disregard of Court orders, including one from this Court, undermine the Court's confidence that the risk can be mitigated or that he will comply with conditions imposed during his temporary release.

While the Court has sincere sympathy for Mr. Toledo Pardo and his family's loss, he has not presented compelling circumstances justifying his temporary release.

### III.  CONCLUSION

Accordingly, the Court DENIES Mr. Toledo Pardo's Motion for Temporary Release from Custody. Dkt. No. 134.

Dated this 20th day of July, 2023.

Lauren King
United States District Judge